IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMERY L. FRANKLIN III,<br><br>              Plaintiff,<br><br>       vs.<br><br>UNITED STATES,<br><br>              Defendants.<br>_____/ | Case No. 1:10-cv-00115 JLT (PC)<br><br>ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1) |

Plaintiff is a federal prisoner proceeding pro se and *in forma pauperis* with a civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), which provides a remedy for violations of civil rights by federal actors. This proceeding was referred to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302. Pending before the Court is Plaintiff's complaint filed January 21, 2010.

**I.    SCREENING**

The Court is required to review a case filed *in forma pauperis*. 28 U.S.C. § 1915(A)(a). The Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). If the Court determines the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 129 S.Ct. at 1949 (stating that "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).[1] The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II.     PLAINTIFF'S COMPLAINT

The events at issue in this action occurred at the United States Penitentiary in Atwater, California. Though the United States is the complaint's only named defendant, Plaintiff refers to multiple individuals either by position or name involved in his general chronology of events occurring over a period of time running from June of 2008 to November 2009. Though unclear from Plaintiff's extended chronology, it appears that Plaintiff may be attempting to allege three unrelated claims which include a claim of excessive force against an unnamed physician assistant, a claim for inadequate medical care, and a claim of retaliation. In terms of relief, Plaintiff seeks compensatory damages and injunctive relief. (Doc 1 at 19).

///

///

---

[1] The Ninth Circuit has stated: "[a]ctions under § 1983 and those under Bivens are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991).

## III. DISCUSSION

### A. Plaintiff's complaint fails to comply with Rule 18(a)

As an initial matter Plaintiff is advised that he may not proceed in this action on a myriad of unrelated claims against different staff members. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607. Plaintiff is advised that should an amended complaint fail to comply with Rule 18(a), the Court will dismiss all claims it finds to be unrelated.

### B. The United States is not a proper defendant

Plaintiff's complaint has improperly named the United States as a defendant. Bivens provides that "federal courts have the inherent authority to award damages against federal officials to compensate plaintiffs for violations of their constitutional rights." Western Center for Journalism v. Cederquist, 235 F.3d 1153, 1156 (9th Cir. 2000). However, a Bivens action may only be brought against the responsible federal official in his or her individual capacity. Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1988). Bivens does not authorize a suit against the government or its agencies for monetary relief. FDIC v. Meyer, 510 U.S. 471, 486 (1994); Thomas-Lazear v. FBI, 851 F.2d 1202, 1207 (9th Cir. 1988); Daly-Murphy, 837 F.2d at 355.

### C. Linkage Requirement

Under Bivens a "compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal question jurisdiction of the federal courts [pursuant to 28 U.S.C. § 1331]." Butz v. Economou, 438 U.S. 478, 486 (1978). As noted above, to state a claim, Plaintiff must demonstrate that

each defendant personally participated in the deprivation of his rights. Iqbal, 129 S.Ct. at 1949; see Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).

As noted above, Plaintiff fails to specifically name/identify any individuals as defendants. If Plaintiff intends to pursue any action, he must appropriately name/identify all persons and/or entities he intends to pursue as defendants. Further, Plaintiff must specify which defendant(s) he feels are responsible for any given violation(s) of his constitutional rights, and the factual basis for his claims against each defendant.

**D.     Plaintiff's claim of excessive force**

Plaintiff appears to allege that he was subjected to excessive force when a physician's assistant lifted Plaintiff by his arms to a standing position and pulled Plaintiff's arms and held him while pulling up his shirt to accomplish a medical examination. (Doc. 1 at 3, 19). Plaintiff concludes that the physician assistant did not care that his actions could have resulted in injury. Id. at 3.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9. However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9; Wilkins v. Gaddy, 130 S.Ct. 1175, 1178 (2010). "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted); Wilkins, 130 S.Ct. at 1178.

The physician assistant's actions in forcing Plaintiff to stand and removing Plaintiff's shirt to complete the examination do not rise to the level of sadistic and malicious force. The Court finds that the actions described constituted a de minimis use of force and fail to rise to the level of a constitutional violation. Iqbal at 1949-50; Moss at 969.

///

### E. Denial of medical treatment

A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's numerous bare allegation that members of the prison medical staff were aware of his injuries and denied him medical treatment is insufficient to support a claim. There are no facts supporting a claim that any of these individuals knowingly disregarded an excessive risk of harm to Plaintiff's health, Farmer, 511 U.S. at 834, or that he suffered further harm as a result of a delay in treatment, McGuckin, 974 F.2d at 1060.

Further, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim," Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). A plaintiff must allege sufficient facts to support a claim that "the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

### F. Retaliation

Plaintiff also appears to assert a claim of retaliation suggesting that prison officials filed an incident report regarding the confiscation of tobacco that he was using for religious purposes in retaliation for his filing of grievances. (Doc 1 at 14).

5

1  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a [governmental] actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)) (quotation marks omitted); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).  An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a constitutional claim. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Plaintiff's bare allegation that an incident report was issued against him because he filed previous grievances is insufficient to support a retaliation claim. According to Plaintiff's Exhibit 23, (Doc. 1 at 56), an incident indisputably occurred between Plaintiff and correctional staff, and prison officials responded by filing an incident report. However, the issuance of a report in response to an incident involving an inmate is appropriate and to be expected. Though the Court is mindful that this case is the pleading stage, the mere possibility that either the incident itself or the issuance of the report occurred as the result of retaliation is insufficient to support a claim.

### G. Leave to Amend

The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). However, if Plaintiff elects to file an amended complaint, he is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files an amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220.

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

6

complaints). Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

## IV.  CONCLUSION

Accordingly, for the reasons set forth above, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed;
2. Plaintiff is granted thirty (30) days from the date of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint";
3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a Bivens civil rights action; and
4. Plaintiff is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

IT IS SO ORDERED.

Dated:  **October 25, 2011**              /s/ Jennifer L. Thurston
                                      UNITED STATES MAGISTRATE JUDGE