IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMERY L. FRANKLIN III, | Case No. 1:10-cv-00115 JLT (PC) |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| vs. | |
| UNITED STATES, | (Doc. 13) |
| Defendants. | |

Plaintiff is a federal prisoner proceeding pro se and *in forma pauperis* with a civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), which provides a remedy for violations of civil rights by federal actors. On October 25, 2011, the Court dismissed Plaintiff's original complaint with leave to amend. (Doc. 11.) Now pending before the Court is Plaintiff's amended complaint filed November 16, 2011. (Doc. 13.)

**I.   SCREENING**

The Court is required to review a case filed *in forma pauperis*. 28 U.S.C. § 1915(A)(a). The Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). If the Court determines the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 129 S.Ct. at 1949 (stating that "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).[1] The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II.   THE AMENDED COMPLAINT

The events at issue in this action occurred at the United States Penitentiary in Atwater, California. The Plaintiff's amended complaint ("AC") identifies as defendants James Soronsen, Physician Assistant, Laurdes Mettry, Health Care Administrator, and Dr. Jon F. Franco. (Doc. 13. at 4.) Plaintiff asserts the three defendants acted with deliberate indifference to his medical needs in violation of the Eight Amendment. (Id. at 5.)

More specifically, Plaintiff alleges as follows. On December 17, 2008, Plaintiff was injured in a head-on collision. (Id. at 4) When in prison on December 18, 2009, Plaintiff requested to see Dr. Franco. (Id. at 4.) However, instead of being seen by a doctor, Plaintiff was apparently seen by Defendant Soronsen, a physician assistant. (Id. at 4.) Plaintiff informed Soronsen that he had been in accident on December 17, 2008, and that he was in serious pain. (Id. at 4.) Plaintiff also requested that

---

[1] The Ninth Circuit has stated: "[a]ctions under § 1983 and those under Bivens are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991).

Soronsen authorize him to receive a wheel chair, a "lower tier cell" or segregation, medical therapy, and that he be classified as a "layin." (Id. at 4.) Defendant Soronsen denied Plaintiff's requests. (Id. at 4.)

On March 29, 2009, Plaintiff was in severe pain and contacted Defendant Mettry, the Health Care Administrator so that he could be seen by a doctor. (Doc. 13 at 4.) Mettry informed Plaintiff that he would need to sign up for sick-call to be seen and that in any case, Plaintiff did not need a wheel chair, medical restriction or status as a lay-in, because "people walk around everyday with fracture vertebrea's [sic]." (Id. at 4-5.)

Also on March 29, 2009, Plaintiff saw Defendant Franco at the medical window and informed him about his injuries and severe pain. (Doc. 13 at 5.) Plaintiff also asked Dr. Franco if he could see him, but Plaintiff was not seen by Franco until August 12, 2009. (Id. at 5.)

### III. DISCUSSION

#### A. Eighth Amendment Protections

The Eighth Amendment provides a prohibition against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The government has an obligation to provide those they incarcerate with adequate medical care and will be subject to liability for failure to do so. Estelle v. Gamble, 429 U.S. 97, 102 (1976). "Although accidental or inadvertent failure to provide adequate medical care to a prisoner [does] not violate the Eighth Amendment, 'deliberate indifference to serious medical needs of prisoners'" does, because it constitutes "the unnecessary and wanton infliction of pain contrary to contemporary standards of decency." Helling v. McKinney, 509 U.S. 25, 31-32 (1993) (quoting Estelle, 429 U.S. at 104); see also Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) ("While poor medical treatment will at a certain point rise to the level of constitutional violation, mere malpractice, or even gross negligence, does not suffice."). In order to establish an Eighth Amendment violation, a plaintiff must first "objectively show that he was deprived of something sufficiently serious[]" and then subjectively show "the deprivation occurred with deliberate indifference to the inmate's health or safety." Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009) (internal quotation marks and citations omitted); Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (Eighth Amendment claim must meet both objective and subjective requirement).

///

### 1. Serious Medical Need

To state a claim under the Eighth Amendment based upon inadequate medical care, the plaintiff must first show he is suffering from "a serious medical need by demonstrating that failure to treat [their] condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) overruled by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (quoting Estelle, 429 U.S. at 104); accord Jett v. Penner, 439 F.3d 1091, 1096 (2006); Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). Indications of a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." McGuckin, 974 F.2d at 1059-60 (citing Wood, 900 F.2d at 1337-41 (9th Cir. 1990)).

In this case, Plaintiff alleges he suffered from "fracture[d] vertebrea [sic], damaged disk [sic] and blunt force trauma to contusion on his thigh." (Doc. 13 at 4.) Previously, this Court found herniated discs constitute a serious medical need. See, e.g., Fields v. Roberts, 2010 U.S. Dist. LEXIS 107799, at *6 (E.D. Cal. Oct. 8, 2010); Mehari v. Cox, 2009 U.S. Dist. LEXIS 42207, at *9 (E.D. Cal. May 18, 2009), though a fracture of a disc, of course, is not the same condition and the seriousness of such a fracture depends upon its nature and extent.

On the other hand, documents attached to Plaintiff's original complaint indicate that he was treated with prescription medications for back pain and received diagnostic testing including a "CT" scan of his abdomen and pelvis and a subsequent MRI following his repeated complaints of back pain. (Doc. 1 at 24-25, 29, 38, 63.) These allegations indicate reasonable doctors found Plaintiff's injury important and felt some sort of treatment was necessary, which is sufficient to demonstrate a serious medical need. McGuckin, 974 F.2d at 1059-60.

### 2. Deliberate Indifference

Once a prisoner establishes the existence of a serious medical need, he must then prove prison officials exhibited deliberate indifference in responding to that need. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Jett, 439 F.3d at 1096. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). Although the requirement is less stringent in regard to

medical care, "because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns," Holliday v. Naku, 2009 U.S. Dist. LEXIS 55757, at *12 (E.D. Cal. June 26, 2009) (citing McGuckin, 974 F.2d at 1060), deliberate indifference is not met through a showing of medical malpractice and requires "more than mere negligence or isolated occurrences of neglect." Wood, 900 F.2d 1334; see also Toguchi, 391 F.3d at 1060; Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (mere medical malpractice insufficient to constitute Eighth Amendment violation); Hutchinson v. U.S., 838 F.2d 390, 394 (9th Cir. 1988).

Deliberate indifference may occur "when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Jett, 439 F.3d at 1096 (internal quotation marks and citations omitted). In order to establish deliberate indifference, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id.; McGuckin, 974 F.2d at 1060.

In order for a prison official to be held liable, he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." Farmer, 511 U.S. at 837. Where a defendant should have been aware of the risk of substantial harm but was not, "the person has not violated the Eighth Amendment, no matter how severe the risk." Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1188 (9th Cir. 2002) (emphasis omitted).

### a. Difference of Opinion

A difference of opinion between medical personnel regarding treatment, however, does not amount to deliberate indifference to a serious medical need. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); see also Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Estelle, 429 U.S. at 107; Chavez v. Yates, 2011 U.S. Dist. LEXIS 35411 at *10 (E.D. Cal. Apr. 1, 2011) ("Neither Plaintiff's difference of opinion with medical staff, Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981), nor a disagreement between medical professionals over treatment, is sufficient to support a claim under section 1983, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).") In addition, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); accord Hood v. Prisoner

Health Services, Inc., 180 F. App'x 21, 25 (10th Cir. 2006) ("Although plaintiff may not care for the treatment decisions made by prison staff, his disagreement with the medical care provided is insufficient to state a cognizable constitutional claim for seeking relief under § 1983."). To prevail in either of these situations, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson, 90 F.3d at 332 (internal citations omitted). omitted).

Plaintiff alleges Defendant Soronsen's actions reflect that he was deliberately indifferent to Plaintiff's serious medical need by providing treatment Plaintiff felt was inadequate. Plaintiff's states that on December 18, 2009, Soronsen "minimized his injuries" which included a fractured vertebra, a damaged disc and a contusion to his thigh.[2] (Doc. 13 at 5.). Rather than authorize Plaintiff's various requests including a request for a wheel chair, lay-in status, and medical therapy, Soronsen was deliberately indifferent to Plaintiff's needs in that he denied these requests. However documents attached to Plaintiff's original pleading reflect that on December 18, 2008, Defendant Soronsen prescribed medication to Plaintiff following his return from the outside hospital for a contusion to his thigh. (Doc. 1 at 29.) Thus, Plaintiff was in fact treated by Soronsen; he simply did not receive treatment he felt was acceptable in light of his injuries. Accordingly, Plaintiff has again pled no more than a difference of opinion in regards to medical treatment, which, per Sanchez and Franklin, are insufficient to state a cognizable Eighth Amendment claim against Defendant Soronsen.

### b.     Delay in Treatment

Delays in providing medical treatment to prisoners may manifest deliberate indifference, Estelle, 429 U.S. at 104-05, but where the claim of deliberate indifference stems from such a delay, a plaintiff must show the delay led to further injury. McGuckin, 974 F.2d at 1060; Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). "The mere existence of delay, without more, is therefore insufficient to establish a claim under the Eighth Amendment." Scott v. Keller, 2010 U.S. Dist. LEXIS 95738, at *11 (E.D. Cal. Sept. 13, 2010); accord Rowland v. Keller, 27 F. App'x 816, 817 (9th Cir. 2001) (45-minute delay in treatment did not amount to deliberate indifference because plaintiff did not present any medical evidence showing delay caused

---

[2] Plaintiff does not explain how a contusion, suffered more than a year before the treatment sought here,

6

further injury, even though he fainted); <u>Burns v. Sumner</u>, 993 F.2d 882 (9th Cir. 1993) (allegations plaintiff suffered unnecessary pain as result of three-year delay in carpal tunnel surgery insufficient to state Eighth Amendment violation by itself); <u>Hunt v. Dental Dept.</u>, 865 F.2d 198, 201 (9th Cir. 1989) (three-month delay in dental treatment is sufficient to constitute deliberate indifference where teeth were breaking off, gums were bleeding, infection occurred, and plaintiff lost weight due to inability to eat). On the other hand, as noted above, a deliberate indifference to medical treament may be shown through "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." <u>Jett</u>, 439 F.3d at 1096. Plaintiff need not show that the harm was substantial but the greater the harm, the more likely it is that the failure to treat was deliberate. In addition, in order to allege deliberate indifference to a serious medical need, Plaintiff must plead facts sufficient to show Defendants were "subjectively aware that serious harm [was] likely to result" from their failure to timely provide treatment. *Gibson*, 290 F.3d at 1193 (emphasis omitted).

In this case, Plaintiff alleges that both Defendants Mettry and Franco were deliberately indifferent to Plaintiff's medical needs. Plaintiff states that on March 29, 2009, he was in severe pain but rather than schedule Plaintiff for an appointment as requested, Mettry told Plaintiff to sign up for sick-call. (Doc. 13 at 4.) Additionally, Plaintiff asserts that on that same day he discussed his injuries and pain with Franco and requested an immediate appointment with him but did not receive an appointment until August 12, 2009. (<u>Id.</u> at 5.)

At the outset, the Court notes that it appears that Mettry merely requested Plaintiff follow routine prison procedures by making the written sick call request. However, even ignoring this possibility, Plaintiff's allegations as to Mettry do not state a cognizable claim. Though Mettry may have caused Plaintiff to incur a delay in treatment on March 29, 2009, the delay was not substantial. According to Plaintiff's original complaint, he was examined the next day on March 30, 2009, by "P.A. Urbano" who indicated that he could provide Plaintiff with a 15-pound lifting restriction. (Doc. 1 at 13.) More importantly, Plaintiff has not alleged any facts which indicate that the 24-hour delay in treatment resulted in any further harm. Thus, Plaintiff's allegations are insufficient to state a cognizable Eighth Amendment claim against Mettry. <u>Rowland</u>, 27 F. App'x at 817.

Similarly, Plaintiff has failed to allege facts which support an inference that he suffered any harm by the delay in seeing Dr. Franco until August of 2009. To the contrary, according to Plaintiff's original complaint and accompanying attached documents, from March 30, 2009, until his appointment with Dr. Franco in August 2009, Plaintiff was seen by health care professionals on multiple occasions. (Doc. 1, 15-18, 57-67, 72.) These providers examined Plaintiff, recommended varying courses of treatment, prescribed medications, ordered an MRI of Plaintiff's spine, and reviewed its results with Plaintiff. (Id.) Additionally, an administrative note–apparently authored by Dr, Franco–that during this period, Plaintiff also received "epidural injections" from an outside provider. (Id. at 72.) As discussed above, to the extent that Plaintiff states a disagreement with the treatment and recommendations provided by these health care providers, he has failed to state a cognizable claim.

Finally, to the extent that Plaintiff is attempting to argue a showing of deliberate indifference because he was seen by physician assistants rather than a doctor, Plaintiff does not have the constitutional right to be personally examined by a doctor while incarcerated. See Benge v. Scalzo, No. CV 04–1687–PHX–DGC(CRP), 2008 U.S. LEXIS 40782, at *25, 2008 WL 2157024 (D.Ariz. May 21, 2008) ("Generally, a prison's practice of using nurses, instead of doctors, for primary medical treatment does not constitute a policy or custom that violates the Constitution."); Corley v. Prator, No. 06–0392, 2007 U.S. Dist. LEXIS 74599, at *12, 2007 WL 2908885 (W.D. La. Oct. 4, 2007 (same)); Callaway v. Smith County, 991 F.Supp. 801, 809 (D.Tex.1998) (stating because the plaintiff was seen by nurses and not a physician does not violate the Constitution); Hayes v. Smith, No. CV04–620–S–EJL, 2007 U.S. Dist. LEXIS 61306, at *15, 2007 WL 2413023 (D.Idaho Aug. 21, 2007) (finding that a physician's assistant was available to examine the prisoner and that the inmate was not entitled to select the medical care provider of his choice). Accordingly, the Court concludes that the amended complaint fails to state a cognizable Eighth Amendment claim against Defendants Mettry and Franco.

### B.    No Leave to Amend

Plaintiff will not be afforded further leave to amend. In its previous screening order, the Court explained to Plaintiff the deficiencies in his pleadings. The Court explained to Plaintiff that

8

his Eighth Amendment claims failed because there were insufficient facts demonstrating that he suffered further harm as a result of any alleged delay in treatment. (Doc 11 at 5.) In addition, Plaintiff was specifically informed that "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a 1983 claim. [citations]" (Id. at 5.) Despite this, Plaintiff has failed to amend his pleadings in any meaningful way. Accordingly, the Court will dismiss Plaintiff's amended complaint without leave to amend and will dismiss this action with prejudice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (dismissal with prejudice upheld where the court had instructed plaintiff on the deficiencies of his pleadings in its prior order dismissing complaint with leave to amend).

## IV. CONCLUSION

In accordance with the above, it is **HEREBY ORDERED** that:

1. This action is **DISMISSED** for Plaintiff's failure to state a cognizable claim;
2. This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g); and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **December 2, 2011**                   /s/ Jennifer L. Thurston
                                          UNITED STATES MAGISTRATE JUDGE

9