1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EMERY L. FRANKLIN III,                    Case No. 1:10-cv-00115 JLT (PC)

12          Plaintiff,
                                               ORDER DENYING PLAINTIFF'S MOTION
13      vs.                                    FOR RECONSIDERATION

14   UNITED STATES,                            (Doc. 16)

15          Defendants.

16   _____/

17        Plaintiff is a federal prisoner proceeding pro se and *in forma pauperis* with a civil action pursuant

18   to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)

19   ("Bivens"), which provides a remedy for violations of civil rights by federal actors. On December 2,

20   2011, the Court dismissed Plaintiff's action for failing to raise cognizable claims. (Doc. 14.) Now

21   pending before the Court is Plaintiff's motion for reconsideration filed December 12, 2011. (Doc. 16.)

22        To the extent that Plaintiff seeks relief pursuant to Federal Rule of Civil Procedure 60(b), such

23   relief is not warranted in this case. Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve

24   a party from an order for any reason that justifies relief. However, Rule 60(b)(6) "is to be used sparingly

25   as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary

26   circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations

27   marks and citation omitted). Accordingly, "reconsideration should not be granted, absent highly unusual

28   circumstances, unless the district court is presented with newly discovered evidence, committed clear

1

1    error, or if there is an intervening change in the controlling law" and it "may *not* be used to raise

2    arguments or present evidence for the first time when they could reasonably have been raised earlier in

3    the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.

4    2009) (internal quotations marks and citations omitted). See also Local Rule 230(j) (requiring the party

5    seeking reconsideration to demonstrate, among other things, what new or different facts or circumstances

6    are claimed to exist which did not exist at the time of the prior motion).

7         Plaintiff's motion appears to reiterate his claims previously asserted in his First Amended

8    Complaint and generally disagrees with the Court's conclusion.  Mere disagreement, however, does not

9    warrant reconsideration under Rule 60(b)(6).  Additionally, Plaintiff has failed to present evidence which

10    is "newly discovered," nor demonstrated "extraordinary circumstances."  Harvest v. Castro, 531 F.3d

11    at 749.  Finally, though Plaintiff attempts to distinguish authorities cited in support of the Court's

12    decision, Plaintiff provides no citations representing any "intervening change" in controlling law.

13    Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d at 880.

14         Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's December 12, 2011 motion for

15    reconsideration (Doc. 16) is **DENIED**.

16

17    IT IS SO ORDERED.

18    Dated:   **December 14, 2011**                **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28